NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| FREDERICK HEDGESPETH, : | |
| : | |
| Plaintiff, : | Civil No. 06-3883 (AET) |
| : | |
| v. : | **MEMORANDUM & ORDER** |
| : | |
| ROY HENDRICKS, et al., : | |
| : | |
| Defendants. : | |

THOMPSON, U.S.D.J.

This matter is before the Court upon Plaintiff Frederick Hedgespeth's Motion to Re-Open the Court's September 21, 2007 Order Dismissing Claims Pursuant to Fed. R. Civ. P. 60(b).[1] The Court has decided this Motion based upon the submissions of the parties and without oral argument pursuant to Fed. R. Civ. P. 78. For the reasons set forth below, Plaintiff's Motion is denied.

BACKGROUND

The Court incorporates by reference the factual summary provided in its Memorandum and Order, entered on September 21, 2007. In its September 21, 2007 Order, the Court dismissed Counts 3, 4, 5, 7, and 13 of Plaintiff's Complaint, claims alleging constitutional and statutory violations in connection with strip searches of Plaintiff allegedly conducted by

---

[1] Fed. R. Civ. P. 60(b) provides for relief from a final judgment, order, or proceeding, in part, because "(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." Because no final judgment has been entered in this action, the Court instead considers Plaintiff's Motion as one for reconsideration, pursuant to D.N.J. Civ. R. 7.1.

Defendants, because the Court found that Plaintiff had not exhausted all available administrative remedies regarding these claims prior to bringing suit, as he was required to do by the Prison Litigation Reform Act of 1996 ("PLRA"), 42 U.S.C. § 1997e(a).  Specifically, the Court found that Plaintiff had failed to file any Inmate Request ("request") or Administrative Remedy ("remedy") forms outlining grievances related to the strip searches, and, therefore, was precluded by the PLRA's exhaustion requirements from bringing claims based solely on the strip searches. However, the Court found that Plaintiff had substantially complied with the PLRA's exhaustion requirements with respect to his claims of retaliation, and denial of due process, as he had filed request forms seeking compensation for time spent in administrative segregation, and for back pay and restoration of work credits.  In so finding, the Court noted that Plaintiff had alleged that the strip searches constituted retaliatory conduct.

On December 21, 2007, Plaintiff submitted a "Request System & Remedy Form" with the New Jersey State Prison ("NJSP") administration, in which he complained of the strip searches and identified the people involved in the strip searches.  On December 31, 2007, NJSP administration officials returned the form to Plaintiff, with the notation that, "You cannot use the Request System to seek reimbursement of any kind.  You must file thru the Courts."  (Ex. to Pl.'s Mot. to Re-Open.)  Plaintiff now seeks to submit this form as "newly discovered evidence" warranting reconsideration of the Court's September 21, 2007 Order.  During a deposition taken during the discovery phase of this action, Plaintiff testified that, because of a shortage of remedy forms at NJSP in the months following the incidents of which he complains, he did not file any complaints with NJSP officials regarding the strip searches. (Kemble Decl., Ex. A (Pl.'s Dep.) at 30:15-19.)  Plaintiff also testified that, although the remedy forms became available to him after

the winter of 2005, he did not file any remedy forms concerning the strip searches prior to filing this action in October 2006. (Id., at 32:4-14.)

## DISCUSSION

A.   Standard of Review

A court will grant a motion for reconsideration only if the movant establishes: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not previously available; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citing N. River Ins. Co. v. CIGNA Reins. Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). A party making a motion for reconsideration must submit a "brief setting forth concisely the matter or controlling decisions which the party believes the Judge . . . has overlooked." Id. In other words, the movant may address only matters that were presented in its original motion to the Court, but were not considered by the Court in making the decision at issue. United States v. Compaction Sys. Corp., 88 F. Supp. 2d 339, 345 (D.N.J. 1999). However, a party asserting a difference of opinion with a court's decision should not bring a motion for reconsideration; rather, he or she should seek relief through the normal appellate process. Chicosky v. Presbyterian Med. Ctr., 979 F. Supp. 316, 318 (D.N.J. 1997). "[R]econsideration is an extraordinary remedy, that is granted very sparingly." Brackett v. Ashcroft, No. 03-3988, 2003 U.S. Dist. LEXIS 21312, at *5 (D.N.J. Oct. 7, 2003) (internal citation and quotations omitted).

B.   Analysis

Plaintiff's argument that the NJSP administration's December 31, 2007 response to his remedy form constitutes new evidence appears to be both formal and substantive in nature.

Plaintiff appears to argue that the NJSP's response demonstrates that the remedy form was not, in fact, the next step, following the filing of a request form, in the NJSP's internal grievance process, because the NJSP's response indicates that Plaintiff could not have used the form to complain about the strip searches, and, thus, was not an "available" administrative remedy. This argument also concerns the merits of Plaintiff's claims, in that he appears to argue that his failure to exhaust his administrative remedies prior to filing suit should be excused because he would have received the same response regardless of when, and whether, he filed a remedy form.

Defendants argue that the PLRA's exhaustion requirements are strict, and that Plaintiff cannot circumvent those requirements by attempting to exhaust his administrative remedies after filing suit. Further, Defendants argue that Plaintiff failed to file any remedy forms concerning the strip searches even after NJSP officials made them available, following a shortage in the winter of 2005, before filing this action in October 2006.

The PLRA provides that "[n]o action shall be brought with respect to prison conditions [under section 1983 of this title], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). See Booth v. Churner, 206 F.3d 289, 291 (3d Cir. 2002) (holding that 42 U.S.C. § 1997e(a) requires a prisoner to exhaust available administrative remedies before filing a § 1983 action).

In its September 21, 2007 Order, the Court held that, because Plaintiff had not filed any request forms relating to the strip searches, he had not satisfied the PLRA's exhaustion requirements. Plaintiff cannot now cure this failure by attempting to exhaust all available administrative remedies after this action has commenced. Accordingly, Plaintiff's Motion for

Reconsideration is denied.[2]

## CONCLUSION

For the foregoing reasons, and for good cause shown,

IT IS on this 22nd day of August, 2008,

ORDERED that Plaintiff Frederick Hedgespeth's Motion to Re-Open the Court's September 21, 2007 Order Dismissing Claims Pursuant to Fed. R. Civ. P. 60(b) [64] is DENIED.

                                      s/ Anne E. Thompson
                                      ANNE E. THOMPSON, U.S.D.J.

---

[2] A portion of Plaintiff's Motion outlines Defendants' alleged failures to respond to, or denials of, any allegations in the Complaint regarding the strip searches, including those that partly comprise his retaliation claims. The Court notes that, on December 3, 2007, Plaintiff filed a Motion for a More Definite Statement, seeking clarifications of Defendants' Answer, which was denied by Magistrate Judge Bongiovanni on March 3, 2008 [docket no. 54]. The Court will not reconsider Magistrate Judge Bongiovanni's decision here.